James B. Hicks (JH7861)
Ervin, Cohen & Jessup LLP
9401 Wilshire Blvd., 9th floor
Beverly Hills, CA 90212
Telephone: (310) 273-6333

David Lazer (DL7441)
Lazer, Aptheker, Rosella & Yedid, P.C.
Melville Law Center, 225 Old Country Road
Melville, NY 11747-2712
Telephone:  (631) 761-0800

Attorneys for Plaintiff Rates Technology Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

RATES TECHNOLOGY INC.,

        Plaintiff,

v.

SIMPLIGENT, LLC,

        Defendant.

_____

SIMPLIGENT, LLC,

        Counterclaim Plaintiff,

v.

RATES TECHNOLOGY INC.,

        Plaintiff.

_____

RATES TECHNOLOGY INC.,

        Plaintiff,

v.

SIMPLIGENT, LLC; STOEL RIVES LLP;
and MARC RASICH,

        Counterclaim Defendants.

_____

IDOCS:10812.1:517384.1

1

Plaintiff Rates Technology Inc. ("RTI") alleges as follows:

1. RTI is the plaintiff in this lawsuit, and is a corporation duly organized pursuant to the laws of the State of Delaware and registered to do business in the State of New York, having its principal place of business at 180 East Main Street, Suite 308, Smithtown, NY 11787.

2. Defendant Simpligent, LLC ("Simpligent") is the defendant in this lawsuit and has filed a counterclaim against RTI, and upon information and belief, is a limited liability company or corporation, having a regular and established place of business in Orem, Utah.

3. Upon information and belief, defendant Stoel Rives LLP is a limited liability partnership, having a regular place of business in Salt Lake City, Utah.

4. Upon information and belief, defendant Marc Rasich is a partner with Stoel Rives LLP, having a regular place of business in Salt Lake City, Utah.

5. Defendants Stoel Rives LLP and Marc Rasich are collectively referenced as the "Stoel Defendants".

6. The underlying complaint in this lawsuit is an action for patent infringement arising under the Patent Laws of the United States, as set forth in 35 U.S.C. §§271 and 280 through 285.

7. This Court has jurisdiction over the subject matter of this action as to the patent infringement claim under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a); and as to this counterclaim under 28 U.S.C. §1332, in that there is complete diversity between the parties, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs; and also with regard to this counterclaim under the doctrine of pendent jurisdiction pursuant to 28 U.S.C. §1367(a) because this counterclaim is so related to the patent law issues raised by the complaint and Simpligent's counterclaim in this action that they form part of the same case and/or controversy and derive from a common nucleus of operative fact.

8.  Simpligent transacts business within the State of New York or contracts elsewhere to supply goods and/or services in the State of New York; and it regularly conducts and solicits business, and engages in other persistent course of action and derives substantial revenue from goods used within the State of New York, and derives substantial revenue from interstate or international commerce.

9.  Simpligent and the Stoel Defendants committed tortious acts outside the State, causing injury to the Plaintiff herein within the State of New York, and expected or should reasonably have expected their acts committed to have consequences in the State of New York.

10.  Venue is proper before this Court under 28 U.S.C. §§1391(a), 1391(c) and 1400(b).

11.  As more fully alleged in the Complaint herein, the United States government duly and legally issued United States Patent numbers 5,425,085 and 5,519,769, both for inventions relating to minimizing the cost of placing long distance telephone calls (the "RTI Patents"), and at all relevant times, RTI has been the lawful owner of the RTI Patents, and has had the right to sue and to recover for any and all infringement(s) of such patents.  Upon information and belief, within the past six years prior to the filing of this lawsuit, Simpligent infringed, actively induced the infringement of, and/or contributorily infringed the RTI Patents within the United States, to RTI's damage.  RTI gave Simpligent notice of its infringement, and tried to resolve this matter without litigation, but Simpligent refused to do so.  RTI therefore filed this patent infringement lawsuit because Simpligent forced RTI to do so.

12.  In fact, after RTI gave Simpligent notice of its patent infringement, and told Simpligent that RTI planned to file a patent infringement lawsuit against Simpligent in New York federal court unless the parties resolved their dispute soon, Simpligent through the Stoel Defendants sent a letter dated May 25, 2005, to RTI and its counsel, threatening that "[s]hould

Rates decide to file and serve its lawsuit in New York, we are prepared . . . to initiate a reexamin-ation of Rates' patents in the United States Patent and Trademark Office" (the "Extortion Letter").  The Extortion Letter constitutes a threat to obtain an official act – *e.g.*, Simpligent's and the Stoel Defendants' threat to initiate a patent reexamination proceeding – and although RTI has repeatedly explained to Simpligent or the Stoel Defendants that there is no basis for such a threatened examination as a matter of law, and has asked for a meeting to further explain this and to answer questions on this subject, Simpligent and the Stoel Defendants continue to threaten to initiate such a meritless reexamination, both orally and in writing, including as recently as September 29, 2005.  Such conduct by Simpligent and the Stoel Defendants constitutes coercion, extortion, and a prima facie tort, including a violation of California's extortion laws, since the Extortion Letter was addressed and sent to RTI's counsel in California.

13.  RTI reported Simpligent's and the Stoel Defendants' criminal conduct to the police authorities, and has also notified them that the Extortion Letter constituted a threat to obtain an official act – *e.g.*, Simpligent's and the Stoel Defendants' threat to initiate a patent reexamination proceeding – and therefore constituted an illegal act of extortion.  However, Simpligent and the Stoel Defendants continue to threaten to initiate a meritless patent reexamination proceeding in retaliation for RTI's decision to file this patent infringement lawsuit, unless RTI dismisses its infringement claims, thereby continuing to engage in illegal, coercive, tortious and extortionate conduct.  RTI thus has no choice but to file this counterclaim against Simpligent and the Stoel Defendants because of their continuing illegal, coercive, tortious and extortionate conduct.

14.  Upon information and belief, RTI has been damaged by Simpligent's and the Stoel Defendants' continuing illegal, coercive, tortious and extortionate conduct, and Simpligent and

the Stoel Defendants are liable for such damages, in an amount not known at this time, exceeding the sum of $75,000, exclusive of interest and costs.

15.  Upon information and belief, RTI is entitled to restitution for Simpligent's and the Stoel Defendants' continuing illegal, coercive, tortious and extortionate conduct, in an amount not known at this time, but exceeding the sum of $75,000, exclusive of interest and costs.

16.  Simpligent's and the Stoel Defendants' wrongful acts have damaged and will continue to damage RTI irreparably, and RTI has no adequate remedy at law for those wrongs and injuries.  The damage to RTI includes harm to it and its products' goodwill and reputation in the marketplace that money cannot compensate.  In addition to restitution and actual damages, RTI is therefore entitled to a preliminary and permanent injunction restraining and enjoining Simpligent and the Stoel Defendants, and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from continuing to engage in illegal, coercive, tortious and extortionate conduct, including without limitation continuing to threaten to initiate a meritless patent reexamination proceeding in retaliation for RTI's decision to file this patent infringement lawsuit, unless RTI dismisses its patent infringement claims.

## PRAYER FOR RELIEF

WHEREFORE, RTI prays for judgment against Simpligent and the Stoel Defendants:

1.      That Simpligent and the Stoel Defendants have engaged in illegal, coercive, tortious and extortionate conduct, including without limitation threatening to initiate a meritless patent reexamination proceeding in retaliation for RTI's decision to file this patent infringement lawsuit, unless RTI dismisses its patent infringement claims;

2.      That an accounting be had for the damages caused RTI by such illegal, coercive, tortious and extortionate conduct by Simpligent and the Stoel Defendants, and

that such damages, with interest thereon, be awarded to RTI;

3.      That an accounting be had for the amount of restitution due to RTI by such illegal, coercive, tortious and extortionate conduct by Simpligent and the Stoel Defendants, and that such amount, with interest thereon, be awarded to RTI;

4.      That RTI be granted preliminary and permanent injunctive relief restraining and enjoining Simpligent and the Stoel Defendants, and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from continuing to engage in illegal, coercive, tortious and extortionate conduct, including without limitation continuing to threaten to initiate a meritless patent reexamination proceeding in retaliation for RTI's decision to file this patent infringement lawsuit, unless RTI dismisses its patent infringement claims;

5.      That RTI be awarded its attorneys' fees, costs and expenses in this action, as applicable; and

6.      That RTI be awarded such further necessary and proper relief as the Court may deem equitable and just.

7.

## JURY TRIAL DEMANDED

RTI hereby demands a trial by jury of all issues so triable.

Dated:  September 30, 2005.

James B. Hicks (JH7861)
Ervin, Cohen & Jessup LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
Telephone: (310) 273-6333

David Lazer  (DL7441)
Lazer, Aptheker, Rosella & Yedid, P.C.
Melville Law Center, 225 Old Country Road
Melville, NY 11747-2712
Telephone:  (631) 761-0800

Attorneys for Plaintiff Rates Technology Inc.

<u>Certificate of Service</u>

I, James B. Hicks, declare as follows:

On September 30, 2005, I caused copies of the attached document to be served upon Douglas A. Miro, Esq., Ostrolenk, Faber, Gerb & Soffen, LLP, 1180 Avenue of the Americas, New York, NY 10036, and Marc T. Rasich, Esq., Stoel Rives LLP, 201 S. Main Street, Suite 1100, Salt Lake City, UT 84111, by United States mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate, and that this declaration was executed at Beverly Hills, California on September 30, 2005.

James B. Hicks (JH7861)
Ervin, Cohen & Jessup LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
Telephone: (310) 273-6333

Attorneys for Plaintiff Rates Technology Inc.